<u>**NOT FOR PUBLICATION**</u>

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| ANGELA PATTERSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     Civil Action No. 12-4191 (MAS) |
| | : |
| CAROLYN W. COLVIN, | :     **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security | : |
| | : |
| Defendant. | : |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Angela Patterson's ("Plaintiff") appeal from the final decision of Michael Astrue, now Carolyn Colvin, Commissioner of the Social Security Administration (the "Commissioner"), denying Plaintiff's request for Disability Insurance Benefits ("DIB"). The Court has jurisdiction to review this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court REMANDS this matter for further administrative proceedings.

**I.     <u>OVERVIEW</u>**

**A.     <u>Procedural History</u>**

Plaintiff filed for an application for SSDI benefits on September 6, 2007, alleging disability beginning on August 24, 2007. (Administrative Transcript ("Tr.") at 9, ECF No. 6.) Plaintiff's claim was denied. (*Id.*) Plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") James Andres on August 13, 2009, and July 21, 2010. (*Id.*

15-52.) On August 20, 2010, the ALJ found that Plaintiff was not disabled stating that she retains the residual functional capacity ("RFC") to perform the "full range of sedentary work as defined in 20 C.F.R. 404.1567(a)." (*Id.* at 11-12.) Plaintiff sought review of the ALJ's decision on September 8, 2010, which the Appeals Council summarily denied. (*Id.* at 1-4, 151-54.) Plaintiff asserts that the ALJ, and subsequently the Commissioner, erred in determining that Plaintiff was not disabled by: (1) failing to provide a sufficient RFC assessment, and (2) failing to properly consider Plaintiff's subjective complaints and credibility. (Pl.'s Moving Br. 14-24, ECF No. 15.) Furthermore, Plaintiff asserts that she has submitted new and material evidence that would allegedly warrant remand. (*Id.*)

## B. Background

Plaintiff was born on May 2, 1965. (Tr. at 156.) She has an Bachelor of Science in Nursing and is certified as a Registered Nurse. (*Id.* at 19.) Plaintiff alleges she fits into the definition of "disabled" and is entitled to SSDI benefits because she experiences chronic pain, diarrhea, a herniated disc in the lumber spine, adhesion-related disorder, neuropathy, abdominal pain, and medication side effects. (*Id.* at 156-57, 175.) Furthermore, Plaintiff alleges severe impairments including nausea and vomiting, malabsorption syndrome and multiple onset partial intestinal obstructions, sleeplessness, constipation due to medication, hypertension, fatigue, and radiculopathy from a herniated disk. (Pl.'s Moving Br. 1-9.)

### 1. Plaintiff's Medical History

On March 11, 2005, Dr. Denehy performed abdominal surgery on Plaintiff due to "chronic salpingitis with endometriosis." (Tr. at 275.) Due to dense "fibrotic adhesions," Dr. Denehy stated that it took nearly an hour and a half to enter the abdomen. (*Id.*) Plaintiff experienced additional hospitalization and required additional abdominal surgery throughout

2

most of October 2005. (*Id.* at 429-31.) Throughout November 2005 to February 2006, Plaintiff continued to be diagnosed with nonspecific abdominal stress and continued to have severe pain and diarrhea. (*Id.* at 818, 855.) In February 2006, Dr. Morgan stated that Plaintiff continued to experience lasting pain and diarrhea. (*Id.* at 818.) Although Plaintiff showed improvement, she was again hospitalized due to abdomen pain in May 2007. (*Id.* at 1013-14.) Dr. Cuppari also reported in October 2007 that plaintiff was limited to lifting a maximum of 15 pounds and sitting/walking/standing for 6 hours. (*Id.* at 286-87.)

On August 28, 2007, Dr. Wroblewski examined Plaintiff and increased her pain patch dosage due to chronic low back pain. (*Id.* at 997.) Dr. Orenberg examined Plaintiff, reporting in October and November 2007 that "there was a small area of colitis but otherwise normal study" regarding Plaintiff's lower intestine and later reported in November 2007 that Plaintiff seemed to be "feeling well." (*Id.* 296, 302.) In October 2007, Dr. Morgan performed a colonoscopy on Plaintiff. (*Id.* at 953.)  Dr. Morgan stated that "[t]here was evidence of colitis of the ascending colon. The mucosa appeared erythematous. The colonoscopy was otherwise normal." (*Id.*) On October 22, 2008, Dr. Wroblewski again examined the patient and reported that she was limited to carrying 25 pounds, sitting/standing for up to 6 hours a day. (*Id.* at 384.)

In April 2008, Dr. Gordan examined the patient and reported:

> In summary, the only clear impairment appears to be related to the claimant's intra-abdominal adhesions. They have caused, and are surely still to cause, recurrent and irregular bouts of abdominal pain and changes in bowel function. Between such bouts, which her primary physician told me occurred at least for one week out of each month, and which the records indicate did abate at times, she would appear to have essentially normal function.

(*Id.* at 985-86.)

On November 12, 2009, Dr. Fechner, a non-examining physician, concluded that there was no organ damage to Plaintiff and her motor straight leg reflexes were all normal. (*Id.* at 911.)

Dr. Fechner also found that Plaintiff could occasionally lift 20 pounds, sit or walk in an 8 hour workday while not requiring the use of a cane to ambulate. (*Id.* at 913-14.)

### 2.   <u>Administrative Hearing</u>

On September 6, 2007, Plaintiff filed a Title II application for a period of disability insurance, alleging a disability beginning August 24, 2007. (*Id.* at 9.) Upon two attempts, both applications were denied. (*Id.*) On August 13, 2009, and July 21, 2010, the ALJ conducted hearings regarding Plaintiff's denial of SSDI benefits. (*Id.* at 15-52.) The ALJ elicited testimony from Plaintiff during the hearings, which included: (1) Plaintiff was born on May 2, 1965; (2) Plaintiff has a nursing degree and has worked as a case manager and floor nurse; (3) Plaintiff was insured for benefits through December 31, 2012; (4) prior to September 6, 2007, Plaintiff began reporting abdominal pain and began to receive treatment for chronic abdominal pain resulting from adhesions, back pain, and other impairments; and (5) medical evidence from interrogatories given by Dr. Fechner. (*Id.* at 7-14.)

## II.   <u>THE ALJ's DECISION</u>

The ALJ began by finding that Plaintiff met the requirements of insured status through December 31, 2012, and that Plaintiff had not engaged in substantial gainful activity as required in 20 C.F.R. 404.1571 *et seq.* (*Id.* at 11.) The ALJ found that Plaintiff did have severe impairments which included: abdominal adhesions, chronic pain syndrome, hypertension and back pain. (*Id.*) Next, the ALJ found that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.*) After consideration of all the evidence, Plaintiff was found to have the RFC to perform a full range of sedentary work. (*Id.* at 12.) The ALJ substantially relied upon

the findings of Dr. Fechner, which the ALJ characterized as best summarizing the medical evidence. (*Id.* at 13.)

> The ALJ followed a two-step process when considering Plaintiff's symptoms:

> [F]irst [it must] be determined whether there is an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the Plaintiff's pain or other symptoms. Second, . . . the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning.

(*Id.* at 12.) The ALJ considered Plaintiff's symptoms of inability to work due to "chronic pain, diarrhea, herniated lumbar discs, adhesion related disorder, neuropathy" and "limited social life." (*Id.* at 12.) In considering these symptoms, the ALJ found that Plaintiff's past relevant work as a case manager and nurse were performed above the sedentary exertional capacity, which Plaintiff was unable to perform. (*Id.* at 13.)

The ALJ stated that the listed impairments could be expected to cause the alleged symptoms, however, Plaintiff's statements concerning intensity, persistence and the limiting effects of these symptoms were not credible and were inconsistent with the functional capacity assessment. (*Id.* at 12-13.) After considering the entire record, the ALJ concluded that Plaintiff's RFC is categorized as full range of sedentary work and that Plaintiff did not have any significant non-external limitations. (*Id.* at 13) As such, she was not considered disabled. (*Id.* at 14.)

## III.   LEGAL STANDARD AND ANALYSIS

### A.   Standard of Review

A district court "shall have [the] power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing, when reviewing the final decision of the Commissioner of the Social Security Administration." 42 U.S.C. § 405(g); *see Matthews*

*v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001). The decision is reviewed and upheld if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial" evidence is more than a "mere scintilla." *Stunkard v. Sec'y of Health & Human Serv.*, 841 F.2d 57, 59 (3d Cir. 1988). "Substantial" evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (*quoting Consol. Edison Co. of N.Y. v. N.L.R.B.,* 305 U.S. 197, 229 (1938)).

The reviewing court may not set aside or substitute the ALJ's decision with its own merely because it comes to a different conclusion when presented with conflicting evidence. *Hartranft v. Apfel*, 181 F.3d 360 (3d Cir. 1999). Where this occurs, the ALJ must explain why he choose to accept some evidence over others. In addition, the reviewing court must look at the evidence in its entirety. *See Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). A Commissioner's reasoning will be reviewed to see whether he has analyzed all the relevant evidence, given weight to probative exhibits and whether his reasons are rational. *Gober v. Matthews*, 574 F.2d 772 (3d Cir. 1978).

**B.**     **Establishing Disability**

A claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is considered disabled if the impairments or disability is of such "severity" that the claimant cannot work in the "national economy" considering his "age, education, and work experience." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must

establish that he has not engaged in any "substantial gainful activity" since the onset of his alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). The claimant bears the burden of establishing the first two requirements, and failure to satisfy either automatically results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987).

If the first two steps are satisfied, the third step requires that the claimant provide evidence that his impairment is equal to one of those impairments listed in Appendix 1 of the regulations ("Listing of Impairments"). 20 C.F.R. § 404.1520(d). Furthermore, if the claimant demonstrates that he suffers from a listed impairment or that his severe impairment is equal to a listed impairment, he is presumed to be disabled and is automatically entitled to disability benefits. (*Id.*) If he cannot so demonstrate, the eligibility analysis proceeds to step four.

The fourth step of the analysis requires the ALJ to determine whether the claimant's RFC permits him to resume his previous employment.  20 C.F.R. § 404.1520(e). If the claimant can perform his previous line of work, then he is not "disabled" and not entitled to disability benefits. 20 C.F.R. § 404.1520(f). If the claimant is unable to return to his previous work, the analysis proceeds to step five.

At step five, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with his medical impairments, age, education, past work experience and RFC.  20 C.F.R. § 404.1520(g); *see Palmer v. Comm'r of Soc. Sec.*, 410 F. App'x 490, 492 (3d Cir. 2011).  If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits.

7

## C.   Discussion

### 1.   New Evidence Warrants Remand

Plaintiff asserts that an operation conducted on September 30 2010, indicated that her "abdomen was completely frozen" and should be considered "new evidence." (Pl.'s Moving Br. 22.)   Plaintiff further argues that if the new evidence had been considered it would have "create[d] a reasonable possibility of a different decision by the commissioner." (*Id.*) Plaintiff also contends that this "new evidence strongly reinforces" her credibility and subjective complaints of pain. (*Id.* at 23.) As such, Plaintiff requests that this Court remand under sentence six of 42 U.S.C. § 405(g). (*Id.* at 1, 21.)

Under 42 U.S.C. § 405(g), new evidence must satisfy a three-prong test before remand is appropriate. *See Szubak v. Sec'y of HHS*, 745 F.2d 831, 833 (3d Cir. 1984). First, § 405(g) requires that the evidence must be "new" and not merely cumulative of what is already in the record. *Id.*; *e.g., Bomes v. Schweiker*, 544 F. Supp. 72, 75-76 (D. Mass. 1982). Second, the evidence must be material, relevant and probative. *Szubak*, 745 F.2d at 833; *see Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). Additionally, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. *Szubak*, 745 F.2d at 833; *see also Bomes*, 544 F. Supp. at 76. Third, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Szubak*, 745 F.2d at 833; *e.g., Brown v. Schweiker*, 557 F. Supp. 190, 192 (M.D. Fla. 1983).

The Court has determined that Plaintiff's new evidence meets the requirements of § 405(g). Plaintiff's evidence of a "frozen abdomen" is clearly new and not cumulative of what was originally presented to the ALJ. The Court also finds this new evidence to be material. In

order to be material, new evidence must relate to the time period for which benefits were denied and not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. *Szubak*, 745 F.2d at 833; *see Ward v. Schweiker*, 686 F.2d 762, 765 (9th Cir. 1982). Plaintiff's later discovered frozen abdomen may very well not concern evidence of "a later-acquired disability" but may be the actual disability she was suffering from when she was described as "not disabled" by Dr. Fechner.

The Court's analysis is guided by *Szubak*, in which the Third Circuit agreed to introduce new evidence of a claimant's medical records. Similar to this case, the *Szubak* court stated:

> all the physicians who originally examined *Szubak* agreed that she suffered from an anxiety condition. Her treating physicians found the condition to be severe and chronic, but the ALJ relied heavily on the original report of Dr. Nelson, the government psychiatrist, to label the problem not disabling.

*Szubak*, 745 F.2d at 833. The *Szubak* Court stated that "the new medical report . . . may well supply the ALJ with a better understanding of Dr. Nelson's critical, but ambiguous, observation." *Id*. at 834. Here, Plaintiff's "new evidence" may give Dr. Fechner or the ALJ additional material information upon which to base their respective opinion and decision. Moreover, Plaintiff's new evidence is entitled great weight because it "appears to corroborate" her subjective complaints of pain. *Id*. at 833 (Any evidence which may corroborate Plaintiff's credibility is important because a claimant's subjective complaints carry "great weight."); *see Taybron v. Harris*, 667 F.2d 412 (3d Cir. 1981). Finally, the Court concludes that Plaintiff had good cause for not presenting the evidence of her "frozen abdomen" to the ALJ. Simply stated, Plaintiff did not receive this information until after the ALJ had rendered his decision and there is no indication from the record that Plaintiff is utilizing § 405(g) to make an "end-run" around the administrative process or otherwise be afforded andunjust additional "bite of the apple." *Id*. at 834.

The Court finds that Defendant's reliance on *Hardee v. Commissioner of Social Security* is misplaced and distinguishable from this case. In *Hardee*, the Third Circuit rejected a claimant's attempt to introduce new evidence because "the reports of . . . hospitalizations [were likely] indicative of . . . subsequent deterioration of the previously non-disabling condition." 188 F. App'x. 127, 130 (3d Cir. 2006). The *Hardee* Court further explained that the new evidence did not "suggest that [the] condition had reached this stage on or before the date of the hearing before the ALJ." *Id.* In contrast, Plaintiff's evidence in this case of a "frozen abdomen" could reasonably suggest that her condition may have reached that stage "on or before the date of the hearing before the ALJ."[1] *Id.* Plaintiff's new evidence may very well show a more severe and contemporaneous injury rather than a "subsequent deterioration of the previously non-disabling condition," as seen in *Hardee. Id.* As such, *Hardee* is distinguishable from the present case.

## IV. CONCLUSION

For reasons set forth above, and based on the substantial evidence in the record, Plaintiff's appeal is granted and the decision of the Administrative Law Judge is vacated. This matter is remanded for consideration of the Plaintiff's evidence regarding her diagnosis of having a "frozen abdomen."[2]

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: September 25th, 2013

[1] The Court takes no position as to the ultimate impact this evidence will have upon remand to the ALJ.

[2] After consideration of Plaintiff's new evidence, the ALJ shall make a ruling on whether Plaintiff has successfully established a "disability" under 20 C.F.R. §404.1520(a)(4)(i).